## Case No. 13,693.

### In re SWIFT.

[6 Ben. 324;[1] 7 N. B. R. 591.]

District Court, S. D. New York. Jan., 1873.

BANKRUPTCY—AMENDED ACT—DISCHARGE — TIME OF CONTRACTING DEBT.

S. hired premises of H., in 1865, for 5 years. He surrendered the lease in May, 1868, and the landlord agreed with him to rent the premises, S. to pay any deficit in the rent. There was a deficit, and in May, 1871, H. obtained judgment against S. for such deficit. S. becoming a bankrupt. H. proved the judgment as a debt against the estate, and filed specifications in opposition to his discharge. S. had no assets, and did not obtain the consent of creditors, provided for in the 33d section of the bankruptcy act, as amended on July 27th, 1868 (15 Stat. 228). Held, that the debt was contracted prior to January 1st, 1869, within the meaning of the act of July 14th, 1870 (16 Stat. 276).

The bankrupt having made application for his discharge, specifications in opposition thereto were filed by Goold Hoyt, executor, &c., a creditor who had proved his claim. The facts in relation to the claim were these: On April 16th, 1865 [Septimus E.] Swift leased of Hoyt, executor, &c. certain premises in New York City, for five years from May 1, 1865. In May, 1868, he surrendered the lease, and the landlord accepted the surrender, and they agreed that the landlord should rent the premises for the best price he could obtain, for the remainder of the term, and that any deficit in the rent from the amount of rent reserved by the lease should be paid by the tenant. There was a deficit, and, on the 1st of April, 1871, the landlord obtained judgment against Swift for $9,144.43 for such deficit, and this judgment he proved as a debt against the estate. The register certified that the bankrupt had conformed to all the requirements of the act, unless the court should hold that the debt in question was not contracted prior to January 1st, 1869. The 33d section of the bankruptcy act, as amended on July 27th, 1868, provides, that, in all proceedings in bankruptcy commenced after the 1st of January, 1869, no discharge shall be granted to a debtor whose assets shall not be equal to 50 per cent. of the claims proved against his estate, upon which he shall be liable as the principal debtor, unless he has the written assent of 50 per cent. of his creditors. The act of July 14th, 1870, § 1, provides that this provision shall not apply to debts from which the bankrupt seeks a discharge, contracted prior to January 1st, 1869. The

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

bankrupt had no assets. No assent in writing had been obtained by him. If this debt was contracted after December 31st, 1868, the consent of creditors was necessary.

BY THE REGISTER:

[2] [I, Isaiah T. Williams, the register in charge of the above entitled matter, do hereby certify that Septimius G. Swift, the above named bankrupt, has in all things conformed to his duty under the act of congress entitled, "An act to establish a uniform system of bankruptcy throughout the United States," approved March 2d, 1867 [14 Stat. 517], and has conformed to all the requirements of the said act unless the district judge should be of opinion that a certain judgment against the bankrupt, recovered by Mr. Goold Hoyt, executor, &c., amounting to nine thousand one hundred and forty-four dollars and forty-three cents, on the 1st day of April, 1871, duly proved against the estate of the bankrupt on the 2d day of January, 1872, be a debt "contracted" subsequently to the 1st day of January, 1869.

[There can be no doubt that the judgment, as it was obtained prior to the filing of the petition in bankruptcy, is provable against the estate and that the judgment creditor can be heard to object to the discharge.

[The only question presented is, was that debt contracted prior to January 1st, 1869? The decision in Re Williams [Case No. 17,-705], and the decision in Re Gallison [Id. 5,203], arose upon the question whether a judgment creditor, whose judgment was obtained after the filing of the petition in bankruptcy, had a debt provable against the estate of the bankrupt. It was held in those cases that such a debt was not provable against the estate of or payable out of the assets of the bankrupt, but that it was a debt which accrued after the filing of the bankrupt's petition and would be unaffected by his discharge even though the claim upon which the judgment was founded was owing and due before the filing of the petition in bankruptcy. The ground of this decision was that the claim upon which the judgment was founded was extinguished by the judgment.

[Assuming that the bankrupt act requires such a construction. I don't think the court should feel compelled, under these authorities, to hold that the claim was contracted by the judgment rendered thereon, even though a judgment be conceded to be a contract between the parties.

[The act as amended July 14, 1870, uses the word "contracted" in contradistinction to the word "accrued" or the phrase "become due" or "payable." A debt would seem to be contracted when the contract under which it becomes due or payable is made. Even a liability to pay rent is contracted when the lease is executed, for it is under that contract, and under that alone, that the rent

becomes payable. But in the present case, if the debt in question were not contracted at the time the lease was made in 1865, how can it be denied that it was contracted in May, 1868, when the bankrupt surrendered the lease and contracted, in consideration of its acceptance, that he would pay, at its expiration, such sum as the rent the landlord might receive for the use of the premises should fall short of the rent reserved in the lease? All the consideration there was for this promise was the acceptance of the surrender of the lease by the landlord, and this consideration passed at the time the contract was made. The fact that the amount of the liability was not then, and could not then be, ascertained, did not render the contract incomplete or in anywise invalid. The amount was the only thing that was left to any uncertainty, but it was capable of being reduced to certainty before it should fall due. Such uncertainty has never been thought to have the effect to render the contract incomplete.

[It is still strenuously urged by the counsel for the creditor that the decisions above referred to are in point, and establish the doctrine that a debt evidenced by a judgment bears date to all intents and purposes as of the time of docketing the judgment. It is argued that these decisions establish the doctrine that a simple contract is extinguished by a judgment recovered thereon as a matter of law, and that what is extinguished by law cannot legally be a debt or a contract of which the law can take notice. It is argued that if a debt due prior to bankruptcy, but upon which a judgment is docketed after bankruptcy, be so extinguished that the court in bankruptcy can take no notice of it as a debt against the estate of the bankrupt. then a fortiori a contract made prior to January 1st, 1869, for the payment of money, the amount of which is contingent upon events to occur after January, 1869, cannot but be extinguished by a judgment obtained after the period in question. In Re Gallison, the learned judge speaks of the judgment as a "new contract" which operates to extinguish the former contract, and it is argued that congress in the amendment above referred to would not have referred to an extinguished contract.

[To all this it may be answered that the decisions referred to are not quite in point. They don't decide that the debt evidenced by a judgment was not contracted prior to the rendition of such judgment. Even the application of the doctrine of those cases to the facts before these courts respectively, is exceedingly questionable as a matter of authority. An opposite doctrine is held in the following cases: Harrington v. McNaughton, 20 Vt. 293; Downer v. Rowell, 26 Vt. 397; Dresser v. Brooks, 3 Barb. 429; Fox v. Woodruff, 9 Barb. 498; Clark v. Rowling, 3 N. Y. 216. The doctrine of the case of Williams, above referred to, was dissented from

by this court, in Re Brown [Case No. 1,975]. This decision was followed substantially by Withey, J., in Re Vickery [Id. 16,930], and by Longyear, J., in Re Crawford [Id. 3,363]. The doctrine that a judgment extinguishes the simple contract upon which it is founded, is simply a principle of evidence. In Clark v. Rowling, 3 N. Y. 216, the court held that "a judgment upon a contract technically merges the demand, but not in so complete a sense that the court cannot look behind it for the purpose of protecting equitable rights of the parties, especially in cases of insolvency and bankruptcy." A similar doctrine is affirmed in 12 Pick. 572; 1 Cow. 316; 3 Barb. 429; 3 Barb. Ch. 360; 3 Cow. 147. To say that the debt in question was not contracted in May, 1868, but that it was contracted on the day judgment was docketed upon it in the office of the clerk, would not square with the common sense of mankind.

[I therefore certify that Septimius E. Swift, the above named bankrupt, has, in all things, conformed to his duty under the act of congress entitled, "An act to establish a uniform system of bankruptcy throughout the United States," approved March 2d, 1867, and has conformed to all the requirements of the said act, except in the particulars covered by the specifications of objections to the discharge of said bankrupt filed by the said Goold Hoyt, executor, &c., a creditor as aforesaid.] [2]

H. W. Fowler, for bankrupt.
F. M. Scott, for creditor.

BLATCHFORD, District Judge. In this case I am of opinion that the debt due to Goold Hoyt, executor, &c., represented by the judgment recovered April 1st, 1871, and from which debt the bankrupt seeks a discharge, was contracted prior to the 1st day of January, 1869, namely, when the agreement of May, 1868, was made. The case will, therefore, stand for hearing on the specifications filed by said creditor.